UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LoTonia Yvette Spann, | ) | C/A No. 2:25-cv-00380-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Vanderbilt Mortgage and Finance, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by Plaintiff LoTonia Yvette Spann, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

This case involves a claim and delivery action as to Plaintiff's mobile home that was filed by Defendant Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) in the Court of Common Pleas for Berkeley County. It also appears to concern three cases Plaintiff filed in the United States Bankruptcy Court for the District of South Carolina (Bankruptcy Court). Plaintiff lists her bases for jurisdiction as federal question under 28 U.S.C. § 1331 and diversity under 28 U.S.C. § 1332. ECF No. 1 at 3-4.[1] In response to a question on the Complaint form asking Plaintiff to list the specific federal statute and/or provisions of the United States Constitution that are at issue, she wrote:

> Under section 362(A) all collection activities must cease immediately upon filing for bankruptcy. Request for TRO Restraining Order preventing any further action regarding repossion until such time as this matter can be fully heard.

---

[1]In this Report and Recommendation, entries on the docket for this case are referred to as "ECF No. __" and entries on the docket for the Bankruptcy Court cases are referred to as "Doc. No.__."

ECF No. 1 at 3 (errors in original).

Plaintiff's entire statement of her claim is that:

Under 11 U.S.C. 362(A) an automatic stay is imposed upon filing Bankruptcy petition which prohibits any act to obtain possession of property from the estate. The eviction proceedings initiated by the lender are in violation of this automatic stay. Lender did not discolse to Common Pleas Court of Berkeley Count that hire Attorney for Filing Chapter 13 bankruptcy. Lender Did not Disclose. Or that Debtor was in Chapter 13. 9-23 – and in Jan 2024

ECF No. 1 at 5 (errors in original). In response to a question asking Plaintiff to state her request

for relief, she wrote:

Currently in Chapter 7, lender did not go threw legal process to excute a new Judgement. Lender has not submitted a balance to defendant. Lender did lack of engagement in resolving this matter amicably in good Faith. Under. 362(a). Grant a (TRO) serves the public Interest by ensuring that Individuals in bankruptcy are afford their rights under Federal law. Allowing time for Judicial review. I am asking for Punitive Damages $180,000.00 for Irreparable Harm. If Repossession occurs. Of lose my Home without an opportunity to present my case before court.

ECF No. 1 at 5 (errors in original).

Records from Berkeley County indicate that Vanderbilt filed a claim and delivery action

against Plaintiff in August 2023. *See* Berkeley County Ninth Judicial Circuit Public Index,

https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspx [search case number listed

above] (last visited June 2, 2025).[2] Plaintiff thereafter filed a Chapter 13 voluntary petition (First

Bankruptcy Action) in the Bankruptcy Court on September 12, 2023. Confirmation of the

bankruptcy plan was denied, and Plaintiff's First Bankruptcy Action case was dismissed on

---

[2] This court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

January 10, 2024. *See In re Spann*, No. 23-2766-eg, Doc. 15. An order for default judgment for repossession and writ of assistance was entered in the claim and delivery action on February 21, 2024.

On March 13, 2024, Plaintiff filed another Chapter 13 voluntary petition (Second Bankruptcy Action). On July 22, 2024, the Second Bankruptcy Action was dismissed with prejudice for a period of one year based on Plaintiff's failure to comply with an order of the Bankruptcy Court entered following the confirmation hearing. *See In re Spann*, No. 24-00852-eg, Doc. 20.

Plaintiff filed a Chapter 7 voluntary petition (Third Bankruptcy Action) on August 21, 2024. On September 26, 2024, Plaintiff's motion to impose the automatic stay of 11 U.S.C. § 362(a) was granted.[3] On November 6, 2024, the Bankruptcy Court granted relief from the automatic stay as to Vanderbilt (the automatic stay remained in place as to all other creditors) pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(2).[4] Doc. 52. In an order entered in the Third

---

[3] The Bankruptcy Court, citing 11 U.S.C. § 362(c), stated that because Plaintiff had two prior bankruptcy cases pending within one year of the petition filed in the Third Bankruptcy Action, the automatic stay under 11 U.S.C. 362(a) did not go into effect when the latest action was filed.

[4] Relief under 11 U.S.C. § 362(d)(4) was denied based on the Bankruptcy Court's finding that the collateral (Plaintiff's mobile home) was not real property such that 11 U.S.C. § 364(d)(4) did not apply. Section 362(d) provides, in pertinent part:

  (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
    (2) with respect to a stay of an act against property under subsection (a) of this section, if--
      (A) the debtor does not have an equity in such property; and
      (B) such property is not necessary to an effective reorganization;
    ***
    (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property.

11 U.S.C. § 362(d).

Bankruptcy Action on January 27, 2025 (several days after Plaintiff filed this action) the

Bankruptcy Court denied Plaintiff's motion seeking sanctions against Vanderbilt for an alleged

violation of an automatic stay and for other relief. The Bankruptcy Court noted that:

> [Plaintiff] seeks an order halting the pending claim and delivery of her mobile
> home, vacating judgments obtained without proper notice of her active bankruptcy
> case, and grant other relief the [Court] deems just and proper. In support of the
> motion, [Plaintiff] submits state court documents filed before and after the
> pendency of her prior bankruptcy case. According to [Plaintiff's] documents,
> Vanderbilt started a claim and delivery action four days prior to her filing for
> bankruptcy. More than a month after the dismissal of her prior case, Vanderbilt
> filed an affidavit of [Plaintiff's] default in that case. [Plaintiff] has failed to allege
> or otherwise demonstrate that Vanderbilt took action during the pendency of her
> prior case that violated that automatic stay.

*In re Spann*, No. 24-3025-jd, Doc. 101. A discharge under 11 U.S.C. § 727 was granted to Plaintiff

on February 26, 2025, and the Third Bankruptcy Action was closed on April 9, 2025. *Id.* at Docs.

109, 111.

While Plaintiff's Third Bankruptcy Action was pending, Plaintiff filed a notice of appeal

in this court on November 8, 2024. On February 13, 2025, the appeal of the Third Bankruptcy

Action was dismissed. *See In re Spann*, No. 2:24-CV-6384-BHH, 2025 WL 487486 (D.S.C. Feb.

13, 2025).

## II.    STANDARD OF REVIEW

This case is before this court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re

Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners

should also be screened). Under established local procedure in this judicial district, a careful review

has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,

490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d

70 (4th Cir. 1983).

4

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III.    DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.    Lack of Jurisdiction

Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352

(4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331, or its diversity jurisdiction, *see* 28 U.S.C. § 1332.

1.     Appeal of Bankruptcy Action(s)

To the extent Plaintiff is asking this court to review matters pertaining to Plaintiff's bankruptcy action(s), this case should be dismissed because Plaintiff has alleged no facts to indicate there is jurisdiction to allow review. All three of bankruptcy cases related to this case are closed, and there is no appeal is pending. Generally, there is no jurisdiction for the district court to review matters pertaining to a closed bankruptcy case where no appeal is pending. *See* 28 U.S.C. § 158 ("The district courts of the United States shall have jurisdiction to hear appeals ... and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."); *see also Roberts v. TD Bank*, No. CA 6:13-809-HMH-JDA, 2013 WL 1686301, *2 (D.S.C. Mar. 27, 2013) (noting there was no jurisdiction for the district court to review matters pertaining to the plaintiff's closed bankruptcy court, where the plaintiff sought damages from a creditor based on a violation of a bankruptcy discharge order, because no appeal was pending), *report and recommendation adopted*, No. CA 6:13-809-HMH, 2013 WL 1686459 (D.S.C. Apr. 18, 2013). Plaintiff has asserted no facts to indicate that an exception applies to establish jurisdiction to review any of her bankruptcy cases.

2.     Appeal of State Court Action

Plaintiff may be attempting to appeal the results of the Berkeley County claim and delivery action (case number 2023CP0802911) to this court. However, such an action is also subject to summary dismissal for lack of federal court jurisdiction. Federal district courts do not hear

"appeals" from state court actions. *See District of Columbia Court of Appeals v. Feldman*, 460

U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of

state or local courts because such review can only be conducted by the Supreme Court of the

United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also*

*Hulsey v. Cisa*, 947 F.3d 246 (4th Cir. Jan. 17, 2020). To rule in favor of Plaintiff on claims filed

in this action may require this court to overrule and reverse orders and rulings made in the state

court. Such a result is prohibited under the *Rooker–Feldman* doctrine. *See Davani v. Virginia*

*Dep't. of Transp.*, 434 F.3d 712, 719-720 (4th Cir. 2006); *see also Exxon Mobil Corp. v. Saudi*

*Basic Industries Corp.*, 544 U.S. 280, 293-294 (2005); *Jordahl v. Democratic Party of Va.*, 122

F.3d 192, 201 (4th Cir. 1997). To the extent Plaintiff is attempting to appeal the results of the state

court action, she should instead seek review with the South Carolina appellate courts[5] and

thereafter possibly to the United States Supreme Court.[6]

B.    Failure to State a Claim

To the extent this court has jurisdiction, Plaintiff's action should be dismissed because she

fails to state a claim.[7] Plaintiff generally alleges that Vanderbilt violated the automatic stay

---

[5] In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of
state court decisions are within the jurisdiction of the South Carolina Court of Appeals and/or the
South Carolina Supreme Court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); SCRCP
73; SCACR 203.

[6] The United States Supreme Court is the only federal court with general statutory jurisdiction to
review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary
by way of a writ of certiorari and is not an appeal of right).

[7] It is not clear what claim Plaintiff is attempting to bring in this action, but she mentions 11 U.S.C.
§ 362. The Local Rules of District of South Carolina provide, in pertinent part that "[p]ursuant to
28 U.S.C. § 157(a), the court hereby refers to the bankruptcy judges for this district all cases under
Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11."
Local Civil Rule 83.IX.01 (citing 28 U.S.C. § 157, Procedures). However, as noted above, shortly
after this case was filed the Bankruptcy Court addressed Plaintiff's argument that Vanderbilt
allegedly violated an automatic stay. *In re Spann*, No. 24-3025-jd, Doc. 101. Thus, it appears that

imposed under 11 U.S.C. 362 because the lender did not 'disclose" to the state court that a bankruptcy action was filed. ECF No. 1 at 5. However, she alleges no facts as to when and how the automatic stay was allegedly violated. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of, [among other things,] the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title" and "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11

---

any referral of this issue would be redundant. The Fourth Circuit, in *Houck v. Substitute Trustee Services, Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) noted that a district court has jurisdiction for a cause of action arising under Title 11 and that, even if the district court has a standing referral order pursuant to 28 U.S.C. § 157(a) providing that all bankruptcy matters are referred to the bankruptcy judge, that standing referral order is not jurisdictional and "does not implicate subject matter jurisdiction[.]" *Id.* at 481–82 (noting; *see also* 28 U.S.C. § 1334 (Bankruptcy cases and proceedings).

U.S.C. § 362(a)(1), (3). If a creditor willfully violates the stay, a debtor may recover actual damages, including costs and attorneys' fees. 11 U.S.C. § 362(k).[8] To recover for this violation, a plaintiff must show "(1) that the defendant violated the stay imposed by § 362(a), (2) that the violation was willful, and (3) that the plaintiff was injured by the violation." *Houck v. Substitute Trustee Services, Inc.*, 791 F.3d at 484 (emphasis omitted). For a violation to be willful, the "creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *In re Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994*), rev'd on other grounds,* 516 U.S. 16 (1995). Here, Plaintiff has not alleged any facts to indicate that Defendant violated a stay imposed by § 362(a), that any violation was willful, and that she was injured by the violation. Moreover, as noted above, the Bankruptcy Court found that the claim and delivery action was brought by Vanderbilt prior to Plaintiff filing her First Bankruptcy Action, Vanderbilt's affidavit of Plaintiff's default in the case was filed more than a month after the dismissal of Plaintiff's First Bankruptcy Action, and Plaintiff "failed to allege or otherwise demonstrate that Vanderbilt took action during the pendency of her prior case that violated that automatic stay." *In re Spann*, No. 24-3025-jd, Doc. 101.

## IV.     <u>MOTION FOR TEMPORARY RESTAINING ORDER</u>

Plaintiff filed a motion for a Temporary Restraining Order (TRO) requesting that this court issue a TRO against Vanderbilt and the Berkeley County Sheriff's Office "to prevent the repossession of [her] mobile home until the hearing scheduled on February 12, 2025.[9] ECF No. 4.

---

[8] Plaintiff has not specifically alleged that § 362(k) was violated.

[9] Plaintiff does not identify the case in which a hearing was allegedly scheduled. Review of the docket of the Berkeley County claim and delivery case indicates no hearing was scheduled at the time this action was filed. The docket of the Third Bankruptcy Action contains a notice of a hearing scheduled for February 12, 2025, relating to Plaintiff's motion for loss mitigation/mortgage modification. *See In Re Spann*, No. 24-3025-jd, Doc. 90. However, the Bankruptcy Court denied

She states she filed for Chapter 7 bankruptcy protection in August 2024, and the Bankruptcy Court ruled that her mobile home is not considered real estate because it is not affixed to land. Plaintiff asserts she received notice from the Berkeley County Sheriff's Office indicating they were authorized by Vanderbilt to execute a repossession order against Plaintiff's mobile home. Plaintiff also asserts she will suffer irreparable harm if she loses her residence without an opportunity to present her case before this court. Additionally, Plaintiff claims there is a strong likelihood she will prevail in preventing repossession "[g]iven the court's prior ruling regarding the classification of my mobile home and ongoing bankruptcy proceedings[.]" She contends that a TRO serves the public interest by ensuring that individuals in bankruptcy are afforded their rights under federal law while allowing time for judicial review.

Any motion for a TRO should be denied at this time. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or the party's attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Every TRO issued without notice "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it

---

Plaintiff's motion on January 27, 2025. It was noted that Plaintiff's request for relief was moot to the extent she sought to lift the automatic stay so that she could enter into negotiations with Vanderbilt regarding her loan because the Bankruptcy Court previously lifted the automatic stay as to Vanderbilt's claim in the November 6, 2024 order. The Bankruptcy Court found that, to the extent Plaintiff was seeking approval of actual modification of her debt with Vanderbilt, her request for relief was denied because it was previously addressed in orders entered November 20, 2024, and January 27, 2025. Doc. 103. There is no record of a hearing after that time.

for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Plaintiff's request for a TRO should be denied because she has not complied with Fed. R. Civ. P. 65(b)(1) by providing specific facts in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to her before Vanderbilt can be heard in opposition. Plaintiff does not explain why an injunction is being requested without notice and may be requesting relief exceeding fourteen days. *See* Fed. R. Civ. P. 65(b)(1)–(2). Additionally, it also does not appear that Plaintiff, who has not asserted that she is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B). *See Demorcy v. Cook*, No. CA 8:13-1494-JFA-JDA, 2013 WL 5332146 (D.S.C. Sept. 23, 2013) (noting that the plaintiff could not satisfy the "attorney certification" requirement for a TRO under Rule 65(b)(1)(B) because he was not an attorney admitted to practice before the court).

The request for a TRO also appears to be moot to the extent Plaintiff is requesting a TRO until a hearing scheduled for February 12, 2025. As noted above, this appears to pertain to a hearing scheduled in the Third Bankruptcy Appeal that was cancelled after the Bankruptcy Court denied Plaintiff's motions on January 27, 2025. Moreover, the Third Bankruptcy Action has been dismissed. Finally, the TRO should be denied to the extent Plaintiff is requesting relief from the Berkeley County Sheriff's Office, which is not a party to this action.

## V.    RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's motion for a TRO (ECF No. 4) be **DENIED**. It is also recommended that this action be dismissed without prejudice, without issuance and service of process, and without leave to amend.[10]

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

June 5, 2025
Charleston, South Carolina

---

[10] Any attempt to cure the deficiencies would be futile for the reasons stated herein. Accordingly, the District Court should dismiss this action without affording Plaintiff an opportunity to amend her Complaint. *See Workman v. Kernell*, C/A No. 6:18-cv-00355-RBHKFM, 2018 WL 4826535, at *2 n.7 (D.S.C. Oct. 2, 2018) (declining to grant an opportunity to amend where amendment would be futile); *see also Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (holding that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).