IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LoTonia Yvette Spann, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Vanderbilt Mortgage and Finance, Inc., ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 2:25-cv-380-BHH <br> <br> **ORDER** |

This matter is before the Court upon Plaintiff LoTonia Yvette Spann's ("Plaintiff" or "Spann") *pro se* complaint and motion for temporary restraining order ("TRO") against Defendant Vanderbilt Mortgage and Finance, Inc. ("Defendant" or "Vanderbilt"). (ECF Nos. 1, 4.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On June 5, 2025, after reviewing Plaintiff's complaint and motion for TRO, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion for TRO and dismiss this action without prejudice, without issuance and service of process, and without leave to amend. (ECF No. 12.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed objections to the Report on June 13, 2025. (ECF No. 14.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In the Report, the Magistrate Judge carefully outlined the allegations of Plaintiff's complaint and the relevant records related to Plaintiff's prior bankruptcy proceedings. (*See* ECF No. 12 at 1-4.) After liberally construing Plaintiff's complaint, the Magistrate Judge concluded that this case is subject to summary dismissal for several reasons. First, the Magistrate Judge explained that, to the extent Plaintiff is asking the Court to review matters pertaining to her bankruptcy proceedings, this Court lacks subject matter jurisdiction. (*Id.* at 6.) As the Magistrate Judge noted, all three of Plaintiff's bankruptcy cases related to her complaint are closed; there is no appeal pending; and Plaintiff has not asserted any facts to indicate that an exception applies to establish jurisdiction. (*Id.*)

Next, the Magistrate Judge explained that, to the extent Plaintiff is attempting to appeal the results of the Berkeley County claim and delivery action (case number 2023CP0802911), this Court again lacks subject matter jurisdiction, as federal courts do

not hear "appeals" from state court actions.  (*Id.* at 6-7.)

In addition, the Magistrate Judge explained that, to the extent the Court does have subject matter jurisdiction, Plaintiff's complaint is subject to dismissal for failure to state a claim because Plaintiff does not allege facts to indicate that Defendant violated a stay imposed by 11 U.S.C. § 362(a); that any violation was wilful; or that she was injured by the violation.  (*Id.* at 9.)

Lastly, with respect to Plaintiff's motion for TRO, the Magistrate Judge found that Plaintiff's motion should be denied because she has not complied with Rule 65(b)(1) of the Federal Rules of Civil Procedure by providing specific facts in an affidavit or verified complaint to clearly show that immediate and irreparable injury will result before Vanderbilt can be heard in opposition.  (*Id.* at 11.)  The Magistrate Judge also noted that Plaintiff does not explain why an injunction is being requested without notice and that it does not appear that Plaintiff, who does not assert that she is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B).  Finally, the Magistrate Judge explained that Plaintiff's motion appears to be moot to the extent she is requesting a TRO until a hearing scheduled for February 12, 2025.  (*Id.*)

In her objections to the Report, Plaintiff requests that the Court reject the Magistrate Judge's Report, maintain the TRO as pending, and grant an evidentiary hearing. (ECF No. 14 at 1.)  Plaintiff then asserts that this case involves an ongoing, unlawful attempt by Defendant to repossess her residence, and she asserts that she seeks to present new evidence.  According to Plaintiff, this case arises under federal law, namely, 11 U.S.C. § 524(a) and 42 U.S.C. § 1983, and Plaintiff asserts that the state court judgment and scheduled repossession "constitute federal discharge violations actively reviewed in this

case." (*Id.*)

In support of her objections, Plaintiff contends that DMV records show that no lien from Vanderbilt Mortgage was active as of November 1, 2023; that loan documents show that she was preapproved, and the lien was fabricated after funding; that the promissory note contains terms that do not match DMV records; that Vanderbilt continues to act as though the debt survived discharge; and that scheduled repossession would constitute a violation of federal protective procedure. (*Id.* at 1-2.)

After careful review of Plaintiff's objections and a *de novo* review of the record in this case and in Plaintiff's related bankruptcy matters (of which the Court may take judicial notice), the Court finds Plaintiff's objections entirely unavailing. First, despite Plaintiff's assertion to the contrary, the Court agrees with the Magistrate Judge that Plaintiff's complaint does not assert a claim that the Court may consider under its federal question jurisdiction (or diversity jurisdiction for that matter). Furthermore, even if the Court does have federal question jurisdiction, the Court also fully agrees with the Magistrate Judge that Plaintiff's complaint fails to state a claim upon which relief may be granted. Likewise, Plaintiff's objections do not set forth a claim upon which relief may be granted.

Finally, with respect to Plaintiff's motion for TRO, the Court finds that Plaintiff's objections do not demonstrate how she has complied with Rule 65 of the Federal Rules of Civil Procedure, as noted by the Magistrate Judge. Accordingly, the Court finds that Plaintiff's motion should be denied at this time for the specific reasons set forth in the Report.

## **CONCLUSION**

After *de novo* review, the Court fully agrees with the Magistrate Judge's careful

analysis and findings, and the Court finds Plaintiff's objections unavailing. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 12); the Court overrules Plaintiff's objections (ECF No. 14); the Court denies Plaintiff's motion for TRO (ECF No. 4); and the Court dismisses this action without prejudice, without issuance and service of process, and without leave to amend.**

     **IT IS SO ORDERED.**

                                                 /s/Bruce H. Hendricks
                                                 United States District Judge

June 20, 2025
Charleston, South Carolina